UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LORI ACKERMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:25-cv-00948-RK |
| ELIZABETH NELAND, *et al.*, | ) ) |
| Defendants. | ) ) ) |

**DEFENDANT ELIZABETH NELAND'S MOTION FOR
PARTIAL JUDGMENT ON THE PLEADINGS AND SUGGESTIONS IN SUPPORT**

COMES NOW Defendant, Elizabeth Neland ("Neland"), by and through undersigned counsel and pursuant to Federal Rule 12(c) and moves the Court for an Order entering judgment in her favor and against Plaintiff Lori Ackerman ("Ackerman") as to Count IV of Plaintiff's Complaint. In support of this Motion, Neland states as follows:

I.  INTRODUCTION

Ackerman's Complaint alleges that the evening of December 10, 2020, she called 911 after her fiancé, Shannon Tate ("Tate"), shot himself in the head. Law enforcement responded to the scene and Ackerman was subsequently interrogated by Neland and Defendant Detective Amber Bedow. After a lengthy interrogation, Ackerman confessed to killing Tate. Ackerman alleges that based *solely* on her confession, Neland prepared an arrest warrant for Ackerman, and the Clay County Prosecutor charged her with Tate's murder.

On December 13, 2020, Dr. John Ralston of Forensic Medical of Kansas LLC ("Dr. Ralston") performed an autopsy on Tate. Ackerman's Complaint alleges that Dr. Ralston conspired with Neland and others to falsify the autopsy report to incriminate Ackerman. Dr.

Ralston did not issue his autopsy report until April 13, 2021, long after Ackerman had been arrested and charged with the murder of Tate. Further, Dr. Ralston passed away prior to Ackerman's criminal trial. As a result, the State did not use Dr. Ralston's autopsy report at trial. Instead, the State had a different medical examiner testify, whose findings where different, and more favorable to Ackerman, than Dr. Ralston's. According to Ackerman, her confession was the *only* incriminating evidence presented by the State at her criminal trial. Ackerman was acquitted by a Clay County Jury on April 8, 2024.

## II. Issue Presented

Count IV of the Complaint is against Neland, Bedow, and Dr. Ralston for fabricating Dr. Ralston's autopsy report in violation of Ackerman's Fourth and Fourteenth Amendment Rights. This motion presents one legal issue: Whether Ackerman can assert a claim for "fabrication of evidence" when the allegedly fabricated evidence—Dr. Ralston's autopsy report—was not used against her. Under § 1983, a claim for fabricated evidence-due process violation is only actionable if it results in constitutional deprivation. Because Dr. Ralston's autopsy was not used against Ackerman either in justifying her arrest or at her trial, she has not and cannot state a claim for fabrication of evidence relating to Dr. Ralston's autopsy even if it were fabricated.

## III. Pleaded Facts Relevant to this Motion

1. Ackerman confessed to shooting Tate in the head on December 11, 2020. [See Complaint at ¶ 1, 8-9]

2. An arrest warrant was issued shortly after Ackerman's confession. [See Complaint at ¶ 169]

3. Defendant Neland prepared the arrest warrant and in doing so, did not in any way rely on Dr. Ralston's autopsy. [See Complaint at ¶¶ 169-170]

4. On December 13, 2021, Dr. Ralston conducted an autopsy of Tate, which was attended by Neland. [See Complaint at ¶¶ 180-181]

5. Dr. Ralston issued his report from Tate's autopsy on April 13, 2021. [See Complaint at ¶ 189]

6. Ackerman alleges Dr. Ralston's report was false in that it determined Tate was shot at close range and that his death was a homicide. [See Complaint at ¶¶ 180-190]

7. Dr. Ralston died before Ackerman's criminal trial. [See Compliant at ¶ 190]

8. A different medical examiner testified for the State at Tate's criminal trial. [Id.]

9. The medical examiner used by the State at Tate's criminal trial had a different finding than Dr. Ralston. [Id.]

10. None of the evidence generated from Dr. Ralston was used at Ackerman's criminal trial and she was subsequently acquitted. [See Complaint at ¶¶ 227-229]

11. The only evidence presented by the State at Tate's criminal trial was her confession. [See Complaint at ¶¶ 228, 241]

12. Count IV of Ackerman 's Complaint is for "Fabrication of Evidence," the fabricated evidence being Dr. Ralston's autopsy report. [See Complaint at ¶¶ 268-274]

### IV. SUGGESTIONS IN SUPPORT

A. **Legal Standard.**

Federal Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. See *Fed. R. Civ. P. 12(c)*. The standard of review for a Rule 12(c) motion is the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). See *Northern Ind. Gun & Outdoor Shows v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

In ruling on a Motion for Judgment on the Pleadings, the Court should treat all well pleaded allegations as true for purposes of the motion. *Albright v. Oliver*, 510 U.S. 266, 267, 114 S.Ct. 807, 810, 127 L.Ed.2d 114 (1994); *St. Croix Waterway Assn. v. Meyer*, 178 F.3d 515, 519 (8th Cir. 1999). The Court is justified in dismissing a claim where the face of the complaint reveals obvious defenses. *Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995). Whether a Complaint states a cause of action is a question of law. See *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). Because the alleged false autopsy was never used in Ackerman's criminal trial and was not used in securing her arrest, Ackerman's Fabrication of Evidence claim (Count IV fails) as a matter of law.

### B. Unused Fabricated Evidence Does Not Give Rise to an Actional Fabrication of Evidence Claim under § 1983.

Count IV of Plaintiff's Complaint alleges that her Fourth and Fourteenth Amendment Rights were violated when Dr. Ralston, Neland, and Bedow falsified the autopsy findings for Tate. But because the autopsy was not used at Ackerman's criminal trial or as justification to arrest her, she cannot claim a violation of her Fourth and Fourteenth Amendment rights.

Under § 1983 if "an officer (or investigating prosecutor) fabricates evidence and puts that fabricated evidence in a drawer, making no further use of it, then the officer has not violated due process." *Winslow v. Smith*, 696 F.3d 716, 735 (8th Cir. 2012); See also *Buckley v. Fitzsimmons*, 509 U.S. 259, 281 (1993) (Scalia, J., concurring) ("I am aware of, no authority for the proposition that the mere preparation of false evidence, as opposed to its use in a fashion that deprives someone of a fair trial or otherwise harms him, violates the constitution"). Here, even if the autopsy were fabricated (it wasn't), it was not used against Ackerman. It was put in the proverbial "drawer," resulting in no constitutional deprivation. Ackerman admits as much through her allegations that

4

her confession was the only basis for her arrest, and the only incriminating evidence presented against her at trial.

## V. CONCLUSION

For the above and foregoing reasons, Ackerman cannot maintain Count IV of her claim alleging fabrication of evidence relating to Dr. Ralston's autopsy report. Therefore, Defendant Neland requests that this Court enter judgment in her favor and against Plaintiff on Count IV of the Complaint, and for other relief this Court deems just and proper.

Respectfully submitted,

**ENSZ & JESTER, P.C.**

/s/ Matthew J. Gist
MATTHEW J. GIST            MO #54732
CHRISTOPHER M. NAPOLITANO MO #66610
1100 Main Street, Suite 2121
Kansas City, MO  64105
Telephone:  816-474-8010
Facsimile:  816-471-7910
Email:       mgist@enszjester.com
             cnapolitano@enszjester.com
**ATTORNEYS FOR DEFENDANTS**
**Elizabeth Neland**

## CERTIFICATE OF SERVICE

  I hereby certify that, on February 27, 2026, the above and foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Matthew J. Gist
**ATTORNEYS FOR DEFENDANTS**
**Elizabeth Neland**